UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Case No. – Civ.

RM BROADCASTING, LLC
101 Waters Edge Drive
Jupiter, Florida 33477

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF JUSTICE
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, RM Broadcasting, LLC ("**RM Broadcasting**"), in the above-styled cause hereby sues Defendant, the United States Department of Justice (the "**Government**"), and alleges:

### NATURE OF THE ACTION

1.    This is an action by RM Broadcasting against the Government for a Declaratory Judgment to determine RM Broadcasting's legal obligation, if any, to register as a foreign agent within the meaning of the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq.* ("**FARA**").

### PARTIES, JURISDICTION AND VENUE

2.    RM Broadcasting is a Delaware corporation with its principal place of business located in Jupiter, Florida. Arnold Ferolito ("**Mr. Ferolito**") is RM Broadcasting's sole principal. Mr. Ferolito has maintained a residence in Florida at all times material.

3. The Government is the United States Department of Justice. The National Security Division is a division within the United States Department of Justice with supervisory authority over the Counterintelligence and Export Control Section and the FARA Registration Unit, which is the unit tasked with registering foreign agents pursuant to FARA.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(2), as it sets forth a claim against the Government arising from an Act of Congress. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this action arises out of a federal question, namely that RM Broadcasting seeks herein declaratory relief pursuant to 28 U.S.C. § 2201 arising from an actual controversy relating to the Government's contention that RM Broadcasting is obligated to register as a foreign agent pursuant to FARA.

5. This Court has personal jurisdiction over the Government, and venue is proper in this Court pursuant to 28 U.S.C. § 1402 because RM Broadcasting is domiciled in Florida.

## GENERAL ALLEGATIONS

*A.     RM Broadcasting's Principal*

6. Mr. Ferolito is seventy-six (76) years old. He is an American citizen who was born and raised in Bronx, New York.

7. After graduating from Bronx Community College with an Associate Degree in Applied Science, Mr. Ferolito began working at the American Broadcasting Company in 1962.

8. In 1968, Mr. Ferolito founded A.F. Associates, Inc., which was an engineering firm specializing in design and fabrication of high-end video and television facilities. Additionally, Mr. Ferolito founded and served as Executive Vice President of Video Services Corporation, the parent company of several video/television enterprises, including (a) Atlantic Satellites Communication, Inc., which operated a state-of-the-art facility that transmitted television programs globally; and

(b) Waterfront Communication Corp., a provider of fiber optic communication links in the New York area and around the world.

9. In December 2000, Video Services Corporation was sold to Liberty Media Corporation.

10. From 2001 through 2008, Mr. Ferolito served as Executive Vice President of Building Performance, Inc., a company that manufactured heating units used in connection with ventilating commercial buildings.

**B.    *RM Broadcasting's Business***

11. After leaving his position at Building Performance, Inc., Mr. Ferolito attempted a retirement; however, he missed the excitement and challenge of the business world.

12. In 2010, drawing upon his vast prior experience and success in the broadcasting industry, Mr. Ferolito founded RM Broadcasting, a company engaging in the business of leasing broadcast airtime.

13. RM Broadcasting is in the business of purchasing airtime from Federal Communications Commission ("**FCC**") licensees, who transmit programming on licensed radio broadcast stations, and reselling that airtime to radio programmers pursuant to commercial service agreements.

14. RM Broadcasting does not participate in, own, control, operate, or have any decision-making authority whatsoever with respect to the content of any programming.  Moreover, RM Broadcasting does not own any broadcasting facilities.

15. From 2010 through 2013, RM Broadcasting resold airtime on a Washington, D.C. area radio station known as WZHF 1390 AM, along with a New York area radio station known as WNSW 1430 AM.

16. Upon expiration of the contracts relating to the aforementioned business transactions, RM Broadcasting sought to engage in new business opportunities with a number of both foreign and domestic companies in the broadcasting industry.

C. **RM Sells Radio Airtime to Rossiya Segodnya**

17. In July 2016, Mr. Ferolito, acting on behalf of RM Broadcasting, sent written correspondence to Sputnik International ("**Sputnik**"), among others, regarding RM Broadcasting's offer to sell broadcast airtime for programming distribution.

18. Sputnik is a news agency, news website platform, and radio broadcast service established by Rossiya Segodnya, which is a Russian Federation government-owned news agency.

19. After receiving no response, Mr. Ferolito sent numerous additional correspondences to Sputnik setting forth amendments to pricing. In November 2016, Rossiya Segodnya responded by indicating that Rossiya Segodnya was considering RM Broadcasting's offer alongside proposals from other competitors.

20. In November 2017, approximately one year later, Rossiya Segodnya communicated that RM Broadcasting had beat out all of its competitors.

21. In November 2017, RM Broadcasting and Rossiya Segodnya entered into a Services Agreement. A copy of the Services Agreement is attached as **Exhibit "A"** and is incorporated herein by reference.

22. Pursuant to the terms of the Services Agreement, RM Broadcasting resold to Rossiya Segodnya commercial radio airtime on WZHF 1390 AM.

23. RM Broadcasting did not have any kind of joint venture relationship whatsoever with Rossiya Segodnya. The relationship between RM Broadcasting and Rossiya Segodnya is strictly an arms-length commercial business transaction whereby RM Broadcasting resold radio

airtime to Rossiya Segodnya for a monetary profit; this commercial transaction in no way created an agency relationship.

24. At no time did RM Broadcasting participate in, own, control, operate, or have any decision-making authority whatsoever with respect to the content of any programming created, produced, procured, or broadcasted by Rossiya Segodnya.

25. In order to maintain complete transparency and educate the American public of the origins of the broadcast, the purchased radio airtime contains an hourly sponsorship identification pursuant to FCC regulations. Specifically, the current sponsorship identification states, "The time is paid for by RM Broadcasting. Programming provided by International News Agency Rossiya Segodnya."

26. RM Broadcasting does not own any broadcasting facilities from which Rossiya Segodnya's content is or was broadcasted.

27. The relevant provisions of the Services Agreement demonstrate that no agency relationship whatsoever exists between RM Broadcasting and Rossiya Segodnya.

28. Section 18 of the Services Agreement specifically states that the Services Agreement does not create a partnership or agency relationship:

> ***Section 18: No Partnership or Agency***: Nothing in this Agreement is intended to or shall operate to create a partnership between the Parties or authorize either party to act as an agent for the other. Furthermore, neither Party shall have authority to act for or on behalf of or otherwise bind the other in anyway (including, but not limited to, the making of any representation or warranty, the assumption of any obligation or liability and the exercise of any right of power).

29. Section 6.1(d) of the Services Agreement further provides that Rossiya Segodnya is responsible for all content and will hold RM Broadcasting harmless:

>**Section 6.1(d): Consent.** The Client [Rossiya Segodnya] shall be liable for the content of the radio programs and shall hold the Contractor [RM Broadcasting] harmless of any documented actual losses, if the Contractor is able to prove that this loss results from the broadcasting of Radio Programs in breach of applicable law, not exceeding the amount mentioned in Clause 7.3 of this Agreement.

30. Moreover, Section 6.1(e) of the Services Agreement requires Rossiya Segodnya to comply with all applicable laws and regulations:

>**Section 6.1(e):** The Client [Rossiya Segodnya] further agrees that, throughout the term of this Agreement, the Client shall comply with all laws, rules, regulations, policies and procedures including, but not limited to, the FCC's technical, political broadcasting, obscenity and indecency regulations, rules for placing sponsorship materials and any other applicable norms regarding Radio Programs. The Client shall make reasonable efforts to ensure that the content of the Radio Programs complies with the applicable laws.

31. Finally, Section 6.2(c)(vi) of the Services Agreement prohibits RM Broadcasting from changing the content of the programming:

>**Section 6.2(c)(vi):** Contractor [RM Broadcasting] shall broadcast/transmit radio programs (parts/fragments) without abridging them or any additions, editing, duplicating or other actions detrimental to the integrity of the Radio Programs (their parts/fragments). The Radio Programs (their parts/fragments) should not be interrupted by advertising. The Parties agree that this provision is a material term hereof.

D. ***The Government Requests That RM Broadcasting Register as a Foreign Agent Under FARA***

32. As early as 2012, the Government, by and through the FARA Registration Unit of the National Security Division of the Department of Justice (the "**Registration Unit**"), began requesting that RM Broadcasting provide information to determine RM Broadcasting's potential obligation to register as a foreign agent pursuant to FARA's requirements.

33. In response to various requests made by the Government over the years, by and through the Registration Unit, RM Broadcasting provided information to the Registration Unit demonstrating that RM Broadcasting clearly was not acting as a foreign agent on behalf of any principal.

34. The Registration Unit has not required RM Broadcasting to register as a foreign agent pursuant to FARA's requirements until recently, approximately five (5) years after the initial inquiry in 2012.

35. Most recently, on December 21, 2017, the Registration Unit sent correspondence regarding RM Broadcasting's potential obligation to register as a foreign agent pursuant to FARA and requesting information from RM Broadcasting relative to the Registration Unit's making of such a determination. A copy of the Registration Unit's December 21, 2017 correspondence is attached as **Exhibit "B"** and is incorporated herein by reference.

36. Through its legal counsel, on January 20, 2018, RM Broadcasting responded to the Registration Unit via letter. A copy of counsel for RM Broadcasting's response is attached as **Exhibit "C"** and is incorporated herein by reference.

37. On June 21, 2018, the Registration Unit sent written correspondence to RM Broadcasting's legal counsel indicating its position that RM Broadcasting was required by law to register as a foreign agent. A copy of the Registration Unit's June 21, 2018 correspondence is attached as **Exhibit "D"** and is incorporated herein by reference.

38. On July 27, 2018, RM Broadcasting's legal counsel responded in writing to the Registration Unit's demand that RM Broadcasting register as a foreign agent pursuant to the provisions of FARA. Specifically, the letter disagreed with the Government's interpretation of the definition of "agent of a foreign principal." The letter also provided a thorough analysis, with

corroborating evidence, that at no time was RM Broadcasting acting under the direction and control of Rossiya Segodnya or as an agent of a foreign principal. A copy of counsel for RM Broadcasting's July 27, 2018 correspondence is attached as **Exhibit "E"** and is incorporated herein by reference.

39. Nevertheless, the Government, through the Registration Unit, continues to demand that RM Broadcasting register as a foreign agent pursuant to the provisions of FARA. RM Broadcasting, however, has taken the position that it has no legal obligation whatsoever to register as a foreign agent given that the facts and circumstances clearly demonstrate that, in fact, RM Broadcasting is not acting as a foreign agent on behalf of any principal.

**E.   FARA**

40. The obligation to register as a foreign agent is found within the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq*. Pursuant to 22 U.S.C. § 611(c):

> the term 'agent of a foreign principal' means (1) any person who acts as an agent, representative, employee, or servant, or any person who acts in any other capacity at the order, request, or under the direction or control, of a foreign principal or of a person any of whose activities are directly or indirectly supervised, directed, controlled, financed, or subsidized in whole or in major part by a foreign principal, and who directly or through any other person –
>
> (i) engages within the United States in political activities for or in the interests of such foreign principal;
>
> (ii) acts within the United States as a public relations counsel, publicity agent, information-service employee or political consultant for or in the interests of such foreign principal;
>
> (iii) within the United States solicits, collects, disburses, or dispenses contributions, loans, money or other things of value for or interest in such foreign principal; or
>
> (iv) within the United States represents the interests of such foreign principal before any agency or official of the Government of the United States.

41. Pursuant to 22 U.S.C. § 618(a), any person who willfully fails to register as a foreign agent pursuant to FARA is subject to five (5) years imprisonment and a $10,000.00 fine. The Government also has the option of injunctive relief pursuant to 22 U.S.C. § 618(f).

42. Foreign agents who are required to register pursuant to FARA are also required to publicly file all service agreements, including the confidential terms of payment, pursuant to 22 U.S.C. § 612(a)(4). RM Broadcasting believes that the public filing of confidential terms of payment will substantially impair RM Broadcasting's ability to continue to promote and conduct business.

43. The Government's position is that RM Broadcasting is obligated to register as a foreign agent because it serves as a "publicity agent" and "information services employee" for Rossiya Segodnya.

44. The Government also contends that the requisite direction and control of a foreign principal is governed by 28 CFR § 5.100(b) which states: "As used in the Act, the term control or any of its variants shall be deemed to include the possession or the exercise of the power, directly or indirectly, to determine the policies or the activities of a person, whether through the ownership of voting rights, by contract, or otherwise." The Government interprets this regulation to mean that the mere existence of a contract establishes the requisite control necessary to determine an agency relationship.

45. In taking the aforementioned position, the Government improperly interprets 28 CFR § 5.100(b) and fails to take into account that FARA requires that an agent's activities be under the actual direction and control of a foreign principal.

46.     The nature of the relationship between RM Broadcasting and Rossiya Segodnya is strictly in the nature of a commercial contractual relationship that does not form any agency relationship whatsoever.

47.     Moreover, at no time was RM Broadcasting acting under the direction and control of Rossiya Segodnya as a foreign principal.

48.     Accordingly, it is RM Broadcasting's position that it should not be required to register as a foreign agent since FARA's requirements do not apply to RM Broadcasting under the circumstances of its business relationship with Rossiya Segodnya.

49.     All conditions precedent to the filing of this lawsuit have occurred or have been waived.

## COUNT I
## DECLARATORY JUDGMENT

RM Broadcasting hereby readopts and realleges paragraphs 1 through 49 above as if fully set forth herein.

50.     This is an action by RM Broadcasting against the Government for a Declaratory Judgment pursuant to 28 U.S.C. § 2201.

51.     RM Broadcasting requests a declaration from this Court that it is not legally obligated to register as a foreign agent within the meaning and pursuant to the relevant provisions of FARA because RM Broadcasting does not fall within the definition of an "agent of a foreign principal" pursuant to 22 U.S.C. § 611(c).

52.     There is a bona fide, actual, present practical need for the declaration.

53.     The declaration deals with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts.

54. The legal rights of RM Broadcasting are dependent upon the facts or the law applicable to the facts.

55. RM Broadcasting and the Government herein have, or reasonably may have an actual, present, adverse, and antagonistic interest in the subject matter, either in fact or law.

56. The antagonistic and adverse interests are all before this Court by proper process or class representation and the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.

**WHEREFORE**, RM Broadcasting, LLC respectfully requests a Declaratory Judgment from this Court as follows:

   a. Determining that RM Broadcasting is not required under the relevant provisions of FARA to register with the Registration Unit as a foreign agent because RM Broadcasting does not fall within the definition of an "agent of a foreign principal" pursuant to 22 U.S.C. § 611(c); and

   b. Such other and further determination and relief that this Court deems appropriate, just, and proper under the circumstances.

Dated:  October 19, 2018		Respectfully submitted,


                                **FISHER BROYLES LLP**
*Attorneys for Plaintiff, RM Broadcasting, LLC*
2390 Tamiami Trail North, Suite 100
Naples, FL 34103
Telephone: (202) 906-9572
Facsimile: (239) 236-1260


By:	/s/ Nicole H. Waid
	**NICOLE H. WAID**
	Fla. Bar. No. 0121720
	*nicole.waid@fisherbroyles.com*


	/s/ Brian E. Dickerson
	**BRIAN E. DICKERSON**
	Fla. Bar. No. 106615
	*brian.dickerson@fisherbroyles.com*