Attachment B



**U.S. Department of Justice**

National Security Division

---

*Counterintelligence and Export Control Section*       Washington, DC 20530

---

December 21, 2017

**Via Email and FedEx**
Davina S. Sashkin, Esq.
Fletcher, Heald & Hildreth
1300 North 17th Street, 11th Floor
Arlington, VA 22209

      Re:    Possible Obligation to Register Pursuant to the Foreign Agents Registration Act
                RM Broadcasting LLC

Dear Ms. Sashkin:

The Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 et seq. ("FARA" or the "Act"), is a statute requiring the registration of "agents of foreign principals" who are engaged in "political activities" or other covered activities and who are not exempt from the Act's registration requirements. In addition, the Act requires non-exempt agents to conspicuously label "informational materials" transmitted (or caused to be transmitted) in the United States for or in the interests of a foreign principal, and to make periodic public disclosure of their identities, agencies, activities, receipts, and disbursements. Such conspicuous labeling and disclosure facilitates evaluation by the government and the American people of the statements and activities of such persons in light of their status as foreign agents.

The FARA Registration Unit of the Counterintelligence and Export Control Section of the National Security Division is responsible for the administration and enforcement of the Act. In carrying out its responsibilities, the Registration Unit routinely reviews a wide range of publicly available information for indications of activities by entities or individuals that may require registration under the Act. Where such information suggests that a registration obligation may exist, the Registration Unit sends a letter advising the entity or person of the existence of FARA and the possible obligations thereunder, and seeks additional information to evaluate whether a registration obligation exists.

Consistent with this longstanding practice, and as a follow up to our prior correspondence, we note that as of at least November 27, 2017, Radio Sputnik programming has been airing in the Washington, D.C. area on WZHF 1390 AM, a station for which your client, RM Broadcasting LLC, reportedly has brokered the Radio Sputnik programming. Given these developments, RM Broadcasting may be required to register under the Act. In that regard, we also note that on November 15, 2017, Reston Translator LLC registered under FARA in connection with activities

Davina S. Sashkin, Esq.
December 21, 2017
Page 2 of 3

that appear similar to those at issue here: namely, its translating of radio programming, marketed as "Radio Sputnik," on behalf of *Rossiya Segodnya* to an FM HD-2 radio station (105.5 MHz) in the Washington, D.C. area.

To assist us in determining whether RM Broadcasting is obligated to register under FARA, please provide this office with: (1) a complete statement of the current ownership and control of RM Broadcasting; (2) a description of the nature of RM Broadcasting's regular business and/or activity; (3) a description of the activities RM Broadcasting has engaged in, or the services provided, if any, by RM Broadcasting to Radio Sputnik, *Rossiya Segodnya*, or any other related or foreign entity; (4) a copy of the existing or proposed written agreement, if any, or a full description of the terms and conditions of each existing or proposed oral agreement, if any, that RM Broadcasting has with Radio Sputnik, *Rossiya Segodnya*, or any other related or foreign entity; (5) copies of all communications between RM Broadcasting and Radio Sputnik, *Rossiya Segodnya*, and any other related or foreign entity; and (6) any additional relevant information regarding the relationship between RM Broadcasting and Radio Sputnik, *Rossiya Segodnya*, and any other related or foreign entity.

In addition to the information requested above, please respond to the following questions:

1. What is the relationship between RM Broadcasting and *Rossiya Segodnya*?

2. What are the sources of the programming content that RM Broadcasting provides to WZHF, and what involvement, if any, do Radio Sputnik or *Rossiya Segodnya* regarding such programming content?

3. Is RM Broadcasting currently involved in the distribution of any foreign-based programming other than Radio Sputnik on WZHF, pursuant to contract or otherwise? If so, please provide details on the programming, identify the foreign counterparty(ies), and provide information about which station(s) are involved in the broadcast(s).

4. Prior to November 27, 2017, did RM Broadcasting receive any funding from Radio Sputnik, *Rossiya Segodnya*, or any other related or foreign entity? If so, please provide details of such funding and the purpose for which it was paid.

5. On what date did RM Broadcasting cease distributing Voice of Russia broadcasts?

The information and documents requested will assist in informing our determination of whether your client or other parties are required to register pursuant to FARA. If you possess any additional correspondence, notes, emails, or other documents pertinent to the questions above, or otherwise pertinent to our assessment of whether your client or other parties are required to register under FARA, please provide us with such materials.

In connection with your response, please affirmatively certify, subject to the penalties of Title 18, United States Code, Section 1001, and Title 22, United States Code, Section 618(a)(2), that

Davina S. Sashkin, Esq.
December 21, 2017
Page 3 of 3

you have produced all of the information and documents within your possession, custody, or control that is responsive to this request.

If you have any questions, please contact the undersigned at (202) 233-0776. Please provide a response within 30 days of this letter. We look forward to your prompt and thorough response to our inquiry.

                                              Sincerely,

                                              Heather H. Hunt, Chief
                                              FARA Registration Unit

                                 By:    *Clifford Rones*
                                            Clifford I. Rones
                                            Senior Trial Attorney