UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

RM BROADCASTING, LLC,                          Case No. 9:18-cv-81418-RLR

       Plaintiff/Counter-Defendant,

v.

UNITED STATES DEPARTMENT
OF JUSTICE,

       Defendant/Counter-Plaintiff.

_____/

## RM BROADCASTING, LLC'S ANSWER
## TO COUNTERCLAIM FOR INJUNCTIVE RELIEF

Plaintiff/Counter-Defendant, RM Broadcasting, LLC ("**RM Broadcasting**"), through undersigned counsel, hereby files its Answer to the Counterclaim for Injunctive Relief filed by Defendant/Counter-Plaintiff, the United States Department of Justice (the "**Department**"), and alleges:

1.     RM Broadcasting admits that the Counterclaim attempts to bring a statutory injunction action pursuant to the Foreign Agents Registration Act of 1938; however, RM Broadcasting denies that the Department is entitled to any relief.  The remaining allegations of paragraph 1 are denied.

2.     Without knowledge, therefore denied.

3.     It is admitted that RM Broadcasting and Rossiya Segodnya entered into a contractual relationship.  The remaining allegations of paragraph 3 are denied.

4.     Denied.  RM Broadcasting specifically denies all allegations that are inconsistent with the plain language of the governing written agreement between RM Broadcasting and Rossiya Segodnya.

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      It is admitted that the United States Department of Justice is an agency of the United States Government.  RM Broadcasting is without knowledge as to the remaining allegations of paragraph 8; accordingly, those allegations are denied.

9.      Admitted.

10.      It is admitted that RM Broadcasting and Rossiya Segodnya entered into a written agreement.  The remaining allegations of paragraph 10 are denied.

11.      Without knowledge, therefore denied.  RM Broadcasting specifically denies any allegations that are inconsistent with the FARA statute.

12.      Without knowledge, therefore denied.  RM Broadcasting specifically denies any allegations that are inconsistent with the FARA statute.

13.      Without knowledge, therefore denied.  RM Broadcasting specifically denies any allegations that are inconsistent with the FARA statute.

14.      Without knowledge, therefore denied.  RM Broadcasting specifically denies any allegations that are inconsistent with the FARA statute.

15.      Without knowledge, therefore denied.  RM Broadcasting specifically denies any allegations that are inconsistent with the FARA statute.

16.      RM Broadcasting is without knowledge as to the allegations of the first sentence of paragraph 16.  Accordingly, those allegations are denied.  RM Broadcasting also specifically denies the allegations of the second sentence of paragraph 16.

17.      Without knowledge, therefore denied.

18.     Without knowledge, therefore denied.

19.     Without knowledge, therefore denied.

20.     Without knowledge, therefore denied.

21.     Denied.

22.     Without knowledge, therefore denied.

23.     Admitted.

24.     It is admitted that RM Broadcasting has no right or ability to alter any content prior to broadcast.  The remaining allegations of paragraph 24 are denied.  RM Broadcasting also specifically denies any allegations that are inconsistent with the plain language of the Services Agreement.

25.     RM Broadcasting also specifically denies any allegations that are inconsistent with the plain language of the Services Agreement.

26.     Denied.

27.     Denied. RM Broadcasting also specifically denies any allegations that are inconsistent with the plain language of the Services Agreement.

28.     Denied. RM Broadcasting also specifically denies any allegations that are inconsistent with the plain language of the Services Agreement.

29.     Denied. RM Broadcasting also specifically denies any allegations that are inconsistent with the plain language of the Services Agreement.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

34.   Denied.

35.   RM Broadcasting denies any allegations that are inconsistent with the plain language of the correspondence referenced in paragraph 35.

36.   Admitted.

37.   Admitted.

**COUNT I**
**(Injunction Under 22 U.S.C. § 618(f))**

RM Broadcasting realleges and reincorporates its responses to paragraphs 1 through 37 of the Counterclaim for Injunctive Relief as if fully set forth herein.

38.   This paragraph does not require a response.

39.   It is admitted that the Department has made such allegations; however, it is specifically denied that the Department is entitled to any relief.

40.   Denied.

41.   Denied.

**FISHER BROYLES LLP**
*Attorneys for Plaintiff/Counter-Defendant,*
*RM Broadcasting, LLC*
2390 Tamiami Trail North, Suite 100
Naples, FL 34103
Telephone: (202) 570-0248
Facsimile:  (239) 236-1260

By:      /s/ Nicole Hughes Waid
         **NICOLE HUGHES WAID**
         Fla. Bar. No. 121720
         *nicole.waid@fisherbroyles.com*


By:       /s/ Brian E. Dickerson
          **BRIAN E. DICKERSON**
          Fla. Bar. No. 106615
          *brian.dickerson@fisherbroyles.com*

4

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by electronic filing

with the Clerk of the Court using CM/ECF on February 15, 2019 on all counsel or parties of record

on the Service List below.


SERVICE LIST

Nicholas Hunter
Trial Attorney
U.S. Department of Justice
National Security Division
Counterintelligence and Export Control Section
950 Pennsylvania Ave., N.W.
Washington, D.C. 20530


Matthew J. Feeley
Assistant U.S. Attorney
U.S. Attorney's Office
Southern District of Florida
99 N.E. 4th Street, Third Floor
Miami, FL 33132