UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:18-CV-81418-ROSENBERG/REINHART

RM BROADCASTING, LLC,

    Plaintiff/Counter-Defendant,

v.

UNITED STATES DEPARTMENT
OF JUSTICE,

    Defendant/Counter-Plaintiff.
_____/

## ORDER GRANTING THE UNITED STATES DEPARTMENT OF JUSTICE'S MOTION FOR JUDGMENT ON THE PLEADINGS

Before the Court is Plaintiff and Counter-Defendant RM Broadcasting, LLC's ("RM Broadcasting") Motion for Judgment on the Pleadings [DE 26] and Defendant and Counter-Plaintiff the United States Department of Justice's ("the Department") Cross-Motion for Judgment on the Pleadings [DE 30]. The Court has carefully considered both Motions, the Responses and Replies thereto [DE 32, 35, and 38], the arguments of the parties during the motion hearing held on May 1, 2019, and the record, and is otherwise fully advised in the premises. For the reasons stated below, the Department's Motion is **GRANTED**, and RM Broadcasting's Motion is **DENIED**.

## FACTUAL BACKGROUND

The Federal State Unitary Enterprise Rossiya Segodnya International Information Agency ("Rossiya Segodnya") is a Russian, government-owned news agency. DE 1 at 4; DE 13 at 4; *see* DE 1-3 at 2. In November 2017, RM Broadcasting and Rossiya Segodnya entered into

a Services Agreement.  DE 1 at 4; DE 13 at 4.  RM Broadcasting and the Department have incorporated the Services Agreement into their respective pleadings.  *See* DE 1 at 4; DE 13 at 14.

By entering into the Services Agreement, RM Broadcasting undertook "to provide the Services to [Rossiya Segodnya] for the broadcasting/transmission of Radio Programs" around-the-clock except for hourly station identification, on a daily basis, from December 1, 2017, through December 31, 2020, on Washington DC radio channel AM 1390. DE 1-3 at 3, 5-7.  The Services Agreement defines "Services" as "services for the broadcasting/transmission of [Rossiya Segodnya's] Radio Programs, being the reception from [Rossiya Segodnya] and transmission of a signal via which the Radio Programs will be broadcast, to be provided by [RM Broadcasting]."  *Id.* at 3.  Radio Programs are "Rossiya Segodnya's audio communications and materials and/or packages for broadcasting." *Id.*

The Services Agreement contains various requirements of the contracting parties. *See generally id.* at 1-31.  Among these requirements, Rossiya Segodnya must deliver, and RM Broadcasting must receive, the Radio Programs by satellite.  *Id.* at 5-6.  RM Broadcasting must "broadcast/transmit Radio Programs . . . without abridging them, or any additions, editing, duplicating or other actions detrimental to the integrity of Radio Programs." *Id.* at 16.

RM Broadcasting must "provide uninterrupted quality operation of the Equipment/technical facilities used for the broadcasting/transmission of [Rossiya Segodnya's] Radio Programs" and "take reasonable measures to eliminate any defects or failure of the Equipment/technical facilities."  *Id.* at 7-8.  RM Broadcasting must "perform scheduled maintenance work on the Equipment as needed . . . subject to prior coordination with [Rossiya Segodnya] in writing" and must "promptly inform [Rossiya Segodnya] in writing of any

2

shutdown of the technical facilities and termination of Radio Program transmission." *Id.* at 7-8. RM Broadcasting must immediately notify Rossiya Segodnya if RM Broadcasting "stop[s] the operation of the Equipment/technical facilities . . . in order to prevent an emergency and to perform any recovery work." *Id.* at 8.

Rossiya Segodnya may refuse to pay for the Services "in the event of the unsatisfactory operation of the Equipment/technical facilities used for rendering the Services." *Id.* at 7. Rossiya Segodnya is required to pay only for Services that are provided "properly," "timely," and "in full." *Id.* at 5, 9, 12-13. RM Broadcasting may, with Rossiya Segodnya's agreement, "engage third parties for the provision of Services under" the Services Agreement. *Id.* at 8. The Services Agreement also contains the following provision:

> Nothing in this Agreement is intended to or shall operate to create a partnership between the Parties or to authorize either party to act as agent for the other. Furthermore, neither Party shall have authority to act for or on behalf of or otherwise to bind the other in any way (including, but not limited to, the making of any representation or warranty, the assumption of any obligation or liability and the exercise of any right or power).

*Id.* at 24.

On June 21, 2018, the FARA Registration Unit of the National Security Division of the Department informed RM Broadcasting that it was acting as a "publicity agent" and an "information-service employee" of Rossiya Segodnya, a foreign principal, and was required to register as an agent of a foreign principal under the Foreign Agents Registration Act of 1938, 22 U.S.C. § 611 *et seq.* ("FARA"). DE 1 at 7; DE 13 at 6; *see* DE 1-7. RM Broadcasting disputed that it was required to register as an agent of a foreign principal. DE 1 at 7; DE 13 at 6; *see* DE 1-8.

3

BM Broadcasting subsequently initiated this proceeding, seeking a declaratory judgment that it need not register as an agent of a foreign principal. DE 1. The Department filed a Counterclaim, seeking an injunction requiring RM Broadcasting to register as an agent of a foreign principal. DE 13.

## **LEGAL STANDARD**

Judgment on the pleadings is appropriate when no issues of material fact exist, and the movant is entitled to judgment as a matter of law. *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). A court accepts the facts in the complaint as true and views them in the light most favorable to the nonmoving party. *Id.* A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1350 (11th Cir. 2018); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (stating that a motion to dismiss should be granted only when the pleading fails to contain "enough facts to state a claim to relief that is plausible on its face").

A court may consider documents attached to a complaint when ruling on a motion to dismiss. *Saunders v. Duke*, 766 F.3d 1262, 1270 (11th Cir. 2014) (stating that "documents attached to a complaint or incorporated in the complaint by reference can generally be considered by a federal district court in ruling on a motion to dismiss"); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). "[W]hen the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007); *see also Celestine v. Capital One*, 741 F. App'x 712, 713 (11th Cir. 2018) ("Where

4

exhibits are submitted that contradict the alleged facts, the exhibits control, despite our construction of facts in favor of their truth.").

## FARA

The purpose of FARA is to

> protect the national defense, internal security, and foreign relations of the United States by requiring public disclosure by persons engaging in propaganda activities and other activities for or on behalf of foreign governments, foreign political parties, and other foreign principals so that the Government and the people of the United States may be informed of the identity of such persons and may apprise their statements and actions in the light of their associations and activities.

*Meese v. Keene*, 481 U.S. 465, 469 (1987).

FARA provides that "[n]o person shall act as an agent of a foreign principal" unless he has completed a registration with the Attorney General. 22 U.S.C. § 612(a); *see id.* § 611(a) (including business organizations within the definition of "person"). The parties have acknowledged that it is undisputed that Rossiya Segodnya is a "foreign principal." *See id.* § 611(b) (defining "foreign principal" to include a corporation "organized under the laws of or having its principal place of business in a foreign country"); *see also* DE 1-3 at 2 (stating that Rossiya Segodnya is "incorporated and registered in the Russian Federation").

The definition of "agent of a foreign principal" includes

> any person who acts as an agent, representative, employee, or servant, or any person who acts in any other capacity at the order, request, or under the direction or control, of a foreign principal or of a person any of whose activities are directly or indirectly supervised, directed, controlled, financed, or subsidized in whole or in major part by a foreign principal, and who directly or through any other person . . . acts within the United States as a public relations counsel, publicity agent, information-service employee or political consultant for or in the interests of such foreign principal.

5

22 U.S.C. § 611(c)(1). This definition also includes "any person who agrees, consents, assumes or purports to act as, or who is or holds himself out to be, whether or not pursuant to contractual relationship, an agent of a foreign principal." *Id.* § 611(c)(2). "[T]he term control or any of its variants shall be deemed to include the possession or the exercise of the power, directly or indirectly, to determine the policies or the activities of a person, whether through the ownership of voting rights, by contract, or otherwise." 28 CFR § 5.100(b).

A "publicity agent" is "any person who engages directly or indirectly in the publication or dissemination of oral, visual, graphic, written, or pictorial information or matter of any kind, including publication by means of advertising, books, periodicals, newspapers, lectures, broadcasts, motion pictures, or otherwise." 22 U.S.C § 611(h). An "information-service employee" is

> any person who is engaged in furnishing, disseminating, or publishing accounts, descriptions, information, or data with respect to the political, industrial, employment, economic, social, cultural, or other benefits, advantages, facts, or conditions of any country other than the United States or of any government of a foreign country or of a foreign political party or of a partnership, association, corporation, organization, or other combination of individuals organized under the laws of, or having its principal place of business in, a foreign country.

*Id.* § 611(i).

## ANALYSIS

The parties have incorporated the Services Agreement into their pleadings. Under the explicit terms of the Services Agreement, RM Broadcasting must, in addition to other requirements, (1) receive Rossiya Segodnya's Radio Programs; (2) "broadcast/transmit" those Radio Programs "without abridging them, or any additions, editing, duplicating or other actions detrimental to the integrity of Radio Programs"; (3) "provide uninterrupted quality operation of

the Equipment/technical facilities used for the broadcasting/transmission of" the Radio Programs; (4) "take reasonable measures to eliminate any defects or failure of the Equipment/technical facilities"; (5) "perform scheduled maintenance work on the Equipment as needed" after coordinating with Rossiya Segodnya in writing; (6) "promptly inform [Rossiya Segodnya] in writing of any shutdown of the technical facilities and termination of Radio Program transmission"; and (7) immediately notify Rossiya Segodnya if RM Broadcasting "stop[s] the operation of the Equipment/technical facilities . . . in order to prevent an emergency and to perform any recovery work." *See* DE 1-3 at 5-8, 16. Rossiya Segodnya need only pay for Services that are provided "properly," "timely," and "in full," and may refuse to pay for the Services "in the event of the unsatisfactory operation of the Equipment/technical facilities used for rendering the Services." *Id.* at 5, 7, 9, 12-13.

Under the terms of the Services Agreement, RM Broadcasting acts "under the direction or control" of Rossiya Segodnya. *See* 22 U.S.C. § 611(c)(1) (defining "agent of a foreign principal" to include "any person who acts in any other capacity . . . under the direction or control, of a foreign principal"); *see also* 28 CFR § 5.100(b) (defining "control" to include "the possession or the exercise of the power, directly or indirectly, to determine . . . the activities of a person, whether . . . by contract, or otherwise"). RM Broadcasting is required to perform various acts for Rossiya Segodnya for the purpose of broadcasting Rossiya Segodnya's Radio Programs. Rossiya Segodnya may withhold payment if these acts are not performed properly or satisfactorily.

In addition, RM Broadcasting acts as a "publicity agent" for Rossiya Segodnya under the terms of the Services Agreement. *See* 22 U.S.C. § 611(h) (defining "publicity agent" to include

7

"any person who engages directly or indirectly in the publication or dissemination or oral . . . information or matter of any kind, including publication by means of . . . broadcasts"). RM Broadcasting is required to "broadcast/transmit" Rossiya Segodnya's Radio Programs without change, with the Radio Programs consisting of "Rossiya Segodnya's audio communications and materials and/or packages." DE 1-3 at 3, 16.

Thus, under the terms of the Services Agreement, RM Broadcasting acts under Rossiya Segodnya's direction or control and acts as a publicity agent for Rossiya Segodnya. RM Broadcasting qualifies as an agent of a foreign principal under FARA. *See* 22 U.S.C. § 611(c), (h).[1] RM Broadcasting makes several arguments in support of its position that it does not qualify as an agent of a foreign principal, which the Court will now address.

RM Broadcasting contends throughout its Complaint and its Motion for Judgment on the Pleadings that it simply buys and resells radio airtime and has resold some of that airtime to Rossiya Segodnya. RM Broadcasting disclaims that it broadcasts any radio programs. However, under the explicit language of the Services Agreement that the Court has quoted above, RM Broadcasting is required to do much more than resell radio airtime to Rossiya Segodnya. Notably, RM Broadcasting is required to "broadcast/transmit Radio Programs." DE 1-3 at 16. The language of the Services Agreement contradicts RM Broadcasting's assertion that it only buys and resells radio airtime. *See Celestine*, 741 F. App'x at 713 ("Where exhibits are submitted that contradict the alleged facts, the exhibits control, despite our construction of facts in favor of their truth.").

---

[1] Because the Court concludes that RM Broadcasting qualifies as a publicity agent, the Court need not consider whether RM Broadcasting also qualifies as an "information-service employee." *See* 22 U.S.C. § 611(c), (i).

8

RM Broadcasting then argues that it has not actually broadcast Rossiya Segodnya's Radio Programs and that its contractual obligations may be different than its actual conduct. RM Broadcasting asserts that the Department has not alleged that RM Broadcasting actually has broadcast the Radio Programs and, thus, has not alleged that RM Broadcasting actually has acted as a publicity agent for Rossiya Segodnya. FARA's definition of "agent of a foreign principal" includes, however, "any person who agrees . . . to act as, . . . whether or not pursuant to contractual relationship, an agent of a foreign principal." 22 U.S.C. § 611(c)(2). RM Broadcasting satisfies the definition of an agent of a foreign principal by agreeing, though the Services Agreement, to act in a manner by which it qualifies as an agent of a foreign principal.

RM Broadcasting maintains that it has disclaimed an agency relationship with Rossiya Segodnya through the Services Agreement. RM Broadcasting points to the provision of the Services Agreement stating that nothing in the Agreement "is intended to or shall operate to create a partnership between the Parties or to authorize either party to act as agent for the other" and that "neither Party shall have authority to act for or on behalf of or otherwise to bind the other in any way." DE 1-3 at 24. To the extent that this provision disclaims a common-law agency relationship, the Court notes that a common-law agency relationship is unnecessary to satisfy FARA's definition of "agent of a foreign principal." *See Att'y Gen v. Irish N. Aid Comm.*, 668 F.2d 159, 161 (2d Cir. 1982) ("We agree that the agency relationship sufficient to require registration need not . . . meet the standard of the Restatement (Second) of Agency with its focus on 'control' of the agent by the principal. Control is an appropriate criterion for a determination of common law agency because the agent contemplated by the Restatement has the power to bind his principal. In determining agency for purposes of the Foreign Agents Registration Act,

9

however, our concern is not whether the agent can impose liability upon his principal but whether the relationship warrants registration by the agent to carry out the informative purposes of the Act."). Moreover, it goes without saying that a party contracting to act in a way by which the party, in fact, qualifies as an agent of a foreign principal could not avoid FARA's registration requirement by including within the contract a disclaimer that it is not an agent of a foreign principal.

RM Broadcasting asserts that it has no knowledge of the content of Rossiya Segodnya's Radio Programs, no input in that content, and no intent to advance the interests of Rossiya Segodnya or Russia. FARA's definitions of "agent of a foreign principal" and "publicity agent" lack any requirement of such knowledge, input, or intent. *See generally* 22 U.S.C. § 611(c), (h).

Finally, RM Broadcasting expresses concern over how broadly FARA may be applied. This Court acknowledges, as have others, that the language of FARA is broad. *See, e.g.*, *United States v. McGoff*, 831 F.2d 1071, 1074 (D.C. Cir. 1987) ("The scope of persons subject to FARA is broad. Section 611 defines the critical terms 'agents of foreign principals,' to include almost anyone who undertakes any public-related or financial activity on behalf of a foreign principal." (alterations omitted)). Nevertheless, the Court must apply the statutory language as written; it is not for the Court to rewrite the statute. *See, e.g.*, *Harris v. Garner*, 216 F.3d 970, 976 (11th Cir. 2000) (stating that "the role of the judicial branch is to apply statutory language, not to rewrite it").

## **CONCLUSION**

For the foregoing reasons, the Court concludes that the pleadings and the incorporated Services Agreement establish that RM Broadcasting is an agent of a foreign principal and is

required to register pursuant to FARA. Thus, the Department's Cross-Motion for Judgment on the Pleadings [DE 30] is **GRANTED**. RM Broadcasting's Motion for Judgment on the Pleadings [DE 26] is **DENIED**.

By no later than **May 17, 2019**, the Department shall submit to the Court, in Word format, a proposed Order granting Final Judgment. The proposed Order shall be sent to: Rosenberg@flsd.uscourts.gov.

The Clerk of Court is instructed to **CLOSE THIS CASE**. All hearings are **CANCELED** and all deadlines are **TERMINATED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 6th day of May, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record